BONOCIO ROMÁN CANCEL, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Defendant and Appellee.

No. AP-64-11.    Decided January 20, 1965.

*Roberto Bird Hoffman,* counsel appointed by the Supreme Court on appeal to give legal aid to defendant. *J. B. Fernández Badillo,* Solicitor General, and *Américo Serra,* Assistant Solicitor General, for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

In *Román* v. *Delgado, Warden,* 82 P.R.R. 580 (1961), we recognized petitioner's right to be released on the ground that he was not given the hearing to which he was entitled by law when the Parole Board revoked the liberty which he was enjoying.

On May 22, 1962, a complaint was filed before the Parole Board against appellant herein charging him:

"1. That . . . on February 21, 1962, he was convicted in the District Court of Puerto Rico, Bayamón Part, in criminal case No. 62-2684, *The People of Puerto Rico* v. *Bonocio Román Cancel*, of a violation of the provisions of Chapter III, § 3-301 (1), of the Vehicle and Traffic Law No. 141.

"2. That . . . around 11:45 p.m. of May 6, 1962, at the intersection of highway No. 167 and the road leading from the ward of Palmas of Cataño, 'he was operating his motor vehicle without being an authorized driver.'

"3. That . . . around 11:45 p.m. of May 6, 1962, at the intersection of highway No. 167 leading from Cataño to Bayamón and the road leading to the ward of Palmas of Cataño, he was negligently operating his motor vehicle No. 771-271."

The Board concluded that petitioner was convicted of the offense charged in the first count. It also concluded that on May 6, 1962, he was driving a motor vehicle without authorization therefor, and that through his negligence he collided with another car belonging to Antonio Rivera Maldonado. At the time the Board made these determinations the trial of the violations charged in the last two counts had not been held before the District Court.

After the Board made the foregoing determinations, it concluded that appellant herein had violated condition No. 9 of the conditions of his parole.

Thereupon the prisoner filed a petition for habeas corpus. He alleged that he had been acquitted in the District Court of the two offenses allegedly committed on May 6, 1962. He also alleged that the Board erred in charging him with a violation of condition 9 of the conditions imposed when he was paroled.[1]

---

[1] Condition No. 9 reads as follows:

"9. Every parolee shall abstain from having in his possession and using intoxicating liquor; he shall also abstain from frequenting 'bars' (or places where intoxicating liquor is sold), houses of ill reputation, places where games of chance prohibited by law are held, and any other places of more or less the same nature."

The trial judge held that the habeas corpus did not lie. In his decision he concluded that, even admitting that he was acquitted of the last two counts, since he had been convicted of one offense, as charged in the first count, it was sufficient. As to the second question raised, he said that "although it is true that the conclusion of law mentioned in that order is not the law which ought to govern the findings of fact made by the Board . . . it is also true that those findings of fact show that petitioner herein violated some of the conditions, though not No. 9, of the parole."

The order of the trial judge is correct. The fact that the Board concluded that he had violated condition No. 9 is not important if he was charged with a violation of, and actually violated, one of the conditions imposed.

Evidently it was charged, and proved, that he violated condition No. 12, which provides that "the conviction .for any offense or the violation of any of the conditions of the parole of a parolee shall be sufficient ground to revoke the privilege of his conditional liberty."

This condition does not distinguish between misdemeanors and felonies. Petitioner was convicted of violating § 3-301(1) of the Vehicle Law, 9 L.P.R.A. § 721, which provides:

"It shall be unlawful:
(1) To drive a motor vehicle on a public highway without being duly authorized therefor by the Secretary, or with a license other than that required to operate such type of vehicle."

And in *People* v. *Vargas*, 80 P.R.R. 285 (1958), we said that "to operate an automobile without a driver's license is a public offense."

During the hearing of the habeas corpus, upon examining the record the judge made reference to the fact that there appeared an information of prohibited weapons. The petitioner said that that information had nothing to do with

the pending matter, and the judge made a comment to the effect that "what I mean to say is that things are leaking out here." Thereupon the defendant accepted that he had been acquitted and the incident had no further consequences. It cannot be concluded from this incident that the judge was moved by passion, prejudice and partiality. And it certainly does not appear from the record that he took this into account in deciding the petition.

The judgment appealed from will be affirmed.